# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROVER PIPELINE, LLC, | ) | CASE NO. 5:17-CV-239 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| 10.055 ACRES OF LAND, MORE OR LESS, IN ASHLAND COUNTY, OHIO, et al., | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court in this condemnation action on the motion of defendants, Michael J. Sloan and Donna M. Sloan, individually and as the trustee of the Sloan Revocable Living Trust (the "landowners"), for leave to amend to file counterclaims. (Doc. No. 654 ["Mot."].) Plaintiff Rover Pipeline, LCC ("Rover") opposes the motion (Doc. No. 674 ["Opp'n"]), and the landowners have filed a reply. (Doc. No. 679 ["Reply"].) For the reason that follow, the motion is DENIED.

## I. BACKGROUND

On February 6, 2017, Rover brought this action pursuant to the Natural Gas Act ("NGA") and under the procedural framework of Federal Rule of Civil Procedure 71.1. By this action, Rover sought condemnation of approximately 700 tracts of land located within this judicial district and through which it intended to construct a pipeline, having previously received a certificate from the Federal Energy Regulatory Commission ("FERC") and having reached settlement with the majority of property owners along the route of the proposed pipeline.

Following numerous hearings and mediation sessions, Rover arrived at an agreement with all defendants on the issue of immediate possession, and it reached agreement with all but a few property owners, including the landowners, on the issue of compensation. The Court determined that a jury would resolve the issue of compensation for the remaining tracts. The Court has scheduled a jury trial on the issue of compensation for the landowners' property for October 29, 2018 on a two week standby basis.

On March 7, 2017, the landowners filed their answer to Rover's complaint, without including any counterclaims. (Doc. No. 385 ["Ans."].) Now, on the eve of trial, the landowners seek leave to add counterclaims for state law trespass, nuisance, and abuse of power. (Doc. No. 654-1 (Proposed Amended Answer ["Pr. Am. Ans."]).) The allegations in these proposed counterclaims relate to Rover's construction activities along the route of the pipeline. Specifically, the landowners maintain that Rover abused its easement rights by conducting construction activities on the landowners' property beyond the boundaries of the easement, causing damage to the landowners' property. (Pr. Am. Ans. ¶¶ 3, 4.) The landowners also seek punitive damages and attorney's fees and rely exclusively on Rule 15 of the Federal Rules of Civil Procedure to support their right to amend. (*See* Mot. at 9001; Reply at 9263; Pr. Am. Ans. ¶¶ 24-26.)

## II. LAW AND DISCUSSION

Generally, motions to amend are governed by Rule 15. In such instances, after a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is

committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). Nonetheless, even under Rule 15, "[l]eave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)).

However, actions for condemnation under the NGA are governed by Rule 71.1. Rule 71.1(e)(2) describes the types of defense pleadings permitted in a condemnation proceeding. It states:

> A defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice. The answer must: identify the property in which the defendant claims an interest; state the nature of the interest; and state all the defendant's objections and defenses to the taking.

Fed. R. Civ. 71.1(e)(2) (heading and numerals omitted). Further, Rule 71.1(e)(3) provides that

> A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed. But at the trial on compensation a defendant—whether or not it has previously appeared or answered—may present evidence on the amount of compensation to be paid and may share in the award.

Courts interpreting the pleading requirements of Rule 71.1, including those within the

Sixth Circuit, have found that it does not permit the filing of counterclaims in federal condemnation actions. *See, e.g., U.S. ex rel. Tenn. Valley Auth. v. An Easement and Right-of-Way Over 1.92 Acres of Land*, No. 1:07 CV-00042, 2007 WL 1662672, at *1 (June 5, 2007) ("Pursuant to [Rule 71.1], district courts only have jurisdiction to hear defenses and objections from defendants in condemnation cases.") (citing *United States v. Certain Land Situated in City of Detroit*, 361 F.3d 305, 308 (6th Cir. 2004)). In *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cnty.*, 145 F. Supp. 3d 622, 632 (N.D. W. Va. 2015), the district court, relying, in part on Sixth Circuit law, persuasively reasoned

> [A]s a "claim for relief" that may be stated in a pleading, a counterclaim is barred by Rule 71.1(e) expressly because it is not an objection or defense to the condemnation claim. Rule 71.1(e) expressly "prescribes what matters the answer shall set forth." Fed. R. Civ. P. 71.1 advisory committee's notes to 1951 Addition, Note to Subdivision (e). Rule 71.1(e) provides that if a defendant "has an objection or defense to the taking," he may serve an answer, and "the answer must: (A) identify the property in which the defendant claims an interest; (B) state the nature and extent of the interest; and (C) state all the defendant's objections and defenses to the taking." Fed. R. Civ. P. 71.1(e)(2). Nowhere does the rule state that defendant may plead any claims for relief. Moreover, Rule 71.1(a) expressly states that the other Federal Rules of Civil Procedure do not apply to condemnation proceedings unless Rule 71.1 provides otherwise, and Rule 71.1 does not invoke the application of other rules regarding what may be plead in an answer. This makes sense because Rule 71.1 provides for the narrow adjudication of only the condemnation claim by requiring "[o]ne pleading to raise all objections and defenses to the <u>taking</u> and one hearing to dispose of them . . . , not successive pleadings and successive hearings spanning a much longer period of time." *Alt. Seaboard Corp. v. Van Sterkenburg*, 318 F.2d 455, 458 (4th Cir. 1963) (emphasis added). Because a counterclaim is a claim for relief, it is not objection or defense to a condemnation claim. Therefore, this Court concludes that Rule 71.1(e) allows a defendant to file an answer containing only defenses and objections to the condemnation claim, but not a counterclaim. *See United States v. Certain Land Situated in City of Detroit*, 361 F.3d 305, 308 (6th Cir. 2004) ("The Rule evidences that district courts have only jurisdiction to hear defenses and objections from defendants in condemnations.").

The Court finds the holding in *Equitran* persuasive and finds that, according to the

4

governing case law and the clear language of Fed. R. Civ. P. 71.1, counterclaims are not permitted in federal condemnation cases. Accordingly, the landowners are not entitled to amend their answer to assert affirmative claims for relief.[1]

### III. CONCLUSION

For all of the foregoing reasons, the landowners' motion to amend is DENIED.

**IT IS SO ORDERED**.

Dated: September 19, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Had Rule 15 governed, the motion for leave to amend would have been denied for undue delay. While the landowners highlight the fact that Rover amended its complaint on February 23, 2017, the only explanation they offer for their decision to wait more than 15 months after that filing to move to amend is that the alleged trespass occurred after they filed their original answer. (Reply at 9264.) Moreover, they fail to respond to Rover's representations in opposition that all construction activities on the property were *concluded* months before the landowners filed the present motion and well after they would have first learned of the alleged trespass. (*See* Opp'n at 9234, 9240.) Given the substantial delay in seeking leave on the eve of trial, the Court would have denied relief under Rule 15(a). *See Phelps*, 30 F.3d at 662.